OPINION
{¶ 1} Defendant-appellant Larry Lou Looker appeals the January 20, 2005 Judgment Entry of the Fairfield County Court of Common Pleas classifying him a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On January 19, 1983, appellant plead guilty to three counts of rape and one count of gross sexual imposition. Following his plea, the trial court sentenced appellant to seven to twenty-five years in prison for each of the three counts of rape, with the sentences to be served concurrently. The trial court also sentenced appellant to two to five years in prison for the single gross sexual imposition count, to be served consecutive to the sentences imposed on the three rape counts.
 {¶ 3} The trial court scheduled a hearing to determine whether appellant should be classified as a sexual predator, pursuant to R.C. 2950.09(B)(1). On January 21, 2004, appellant moved the trial court for the appointment of an independent expert at the State's expense for the purposes of the sexual predator classification hearing. The trial court denied appellant's motion.
 {¶ 4} At the hearing on January 12, 2005, Dr. Bradley Hedges testified as an expert in the field, and opined appellant, a sixty year-old man, was likely to commit one or more sexually oriented offenses in the future. Dr. Hedges stated appellant had a consistent history of inappropriate sexual contact with young girls, rendering him more likely to re-offend than other sexually based offenders.
 {¶ 5} Other evidence presented at the hearing indicated appellant had a prior criminal record for grand theft and domestic violence. The victims in the underlying rape and gross sexual convictions were eight years of age. Further, appellant admitted to having engaged in prior incidents with one thirteen and one fourteen year-old female. Appellant's sexual offenses involved multiple victims, and he suffers from a mental illness, specifically, pedophilia.
 {¶ 6} The trial court classified appellant as a sexual predator via Judgment Entry of January 20, 2005. Appellant now appeals that entry, assigning as error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN NOT GRANTING THE INDIGENT DEFENDANT AN INDEPENDENT EXPERT WITNESS AT THE EXPENSE OF THE STATE IN ACCORDANCE WITH R.C. 2905.09(B)(1)."
 {¶ 8} In State v. Eppinger (2001), 91 Ohio St.3d 158, the Ohio Supreme Court addressed the issue presented herein, holding "an expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)."
 {¶ 9} The decision whether or not to appoint an expert is within the discretion of the trial court. Therefore, we will not reverse the trial court's decision absent an abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} We find the Eppinger case factually distinguishable from the case sub judice and therefore, the trial court did not abuse its discretion when it denied appellant's request for appointment of an expert.
 {¶ 11} The sexual attack, in Eppinger, involved three rapes, a kidnapping and the felonious assault of a nineteen-year-old girl over a four-hour period of time.Eppinger, supra, at 159. The Ohio Supreme Court found the trial court abused its discretion when it denied the defendant's request for appointment of an expert because the defendant had been "* * * convicted of only one sexually oriented offense, * * *" and there was an absence of "* * * a history of similar offenses or other indicators." Id. at 163. One of the "other indicators" was whether the victim was a child. The Court noted that "[o]ne sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile." Id. at 162.
 {¶ 12} Unlike the case sub judice, in Eppinger, there was no history of similar offenses or other incidents. Id. at 163,743 N.E.2d 881. In the instant case, other indicators of a likelihood to re-offend were clearly present, and presented as evidence at the classification hearing. Furthermore, the evidence clearly indicated appellant suffered from a mental illness, namely pedophilia. Appellant had engaged in numerous sexual encounters with young females on separate occasions. Appellant plead guilty to two counts of rape and one count of gross sexual imposition involving two eight year-old females. The evidence reflected a demonstrated pattern of abuse pursuant to the incidents outlined by Dr. Hedges and appellant's own testimony.
 {¶ 13} Upon review, the court had ample evidence which allowed the court to assess appellant's likelihood to re-offend, and the court did not abuse its discretion in overruling appellant's motion for appointment of an expert witness. Appellant's sole assignment of error is overruled.
 {¶ 14} The January 20, 2005 Judgment Entry of the Fairfield County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed. Costs assessed to appellant.